1   THOMAS W. PULLIAM, JR. (SBN #46322)
    thomas.pulliam@dbr.com
2   MICHELLE A. CHILDERS (SBN #197064)
    michelle.childers@dbr.com
3   NATHAN D. CARDOZO (SBN #259097)
    nathan.cardozo@dbr.com
4   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
5   San Francisco, CA  94105-2235
    Telephone:    (415) 591-7500
6   Facsimile:    (415) 591-7510

7   Attorneys for Defendants
    DEPUY ORTHOPAEDICS, INC., DEPUY, INC.,
8   JOHNSON & JOHNSON SERVICES, INC., and
    JOHNSON & JOHNSON (erroneously sued as
9   JOHNSON & JOHNSON, INC.)

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                       SAN FRANCISCO DIVISION

13

14  ANNE O'NEILL,                        Case No. 4:10-CV-04949-DMR

15            Plaintiff,                 **ANSWER TO PLAINTIFF'S COMPLAINT
                                         AND DEMAND FOR JURY TRIAL OF
16  v.                                   DEFENDANTS DEPUY ORTHOPAEDICS,
                                         INC., DEPUY, INC., JOHNSON &
17  DEPUY ORTHOPAEDICS, INC.;            JOHNSON SERVICES, INC., AND
    DEPUY, INC.; JOHNSON & JOHNSON       JOHNSON & JOHNSON**
18  SERVICES, INC.; JOHNSON &
    JOHNSON, INC.; VAIL CONSULTING,      1)  **STRICT LIABILITY
19  LLC; THOMAS VAIL, M.D.; THOMAS           (MANUFACTURING DEFECT);**
    SCHMALZRIED, M.D.,                   2)  **STRICT LIABILITY
20                                           (FAILURE TO WARN);**
              Defendants.                4)  **NEGLIGENCE (DESIGN DEFECT,
21                                           MANUFACTURE, AND SALE);**
                                         5)  **NEGLIGENCE
22                                           (FAILURE TO WARN)**

23

24          Defendants DePuy Orthopaedics, Inc. ("DePuy"), DePuy, Inc., Johnson & Johnson

25  Services, Inc., and Johnson & Johnson ("Defendants") hereby respond to Plaintiff's Complaint as

26  follows.  The repetition of the Complaint's subheadings is done solely for organizational purposes

27  and is not an admission as to their truth.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO COMPLAINT                                      CASE NO. 4:10-CV-04949-DMR
SF01/ 720194.2

**INTRODUCTION**

1.      Defendants admit that the ASR™ XL System is a prosthetic hip implant device used at the discretion of surgeons for hip replacement. Defendants further admit that the description of the hip anatomy set forth paragraph ¶ 1 is superficially accurate.  Defendants further admit that DePuy issued a voluntary recall of the ASR™ XL System on August 26, 2010. Defendants deny the remaining allegations contained in ¶ 1.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 2 and therefore deny them.

3.      Defendants deny the allegations contained in ¶ 3.

4.      Defendants deny the allegations contained in ¶ 4.

**JURISDICTION AND VENUE**

5.      Defendants specifically deny that Plaintiffs are entitled to damages but admit that this Court has jurisdiction over this matter.  Defendants further admit that this action is between citizens of different states.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 5 and therefore deny them.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 6 and therefore deny them.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 and therefore deny them.

**THE PARTIES**

8.      Defendants deny that the ASR™ XL System is defective.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 8 and therefore deny them.

9.      Defendants admit that DePuy Orthopaedics, Inc. ("DePuy") is a corporation with its principal place of business in Warsaw, Indiana and that DePuy products are prescribed, used and sold in the state of California.  Defendants admit that DePuy is a subsidiary of Defendants DePuy, Inc. and Johnson & Johnson.  Defendants admit that DePuy's registered agent for service of process is CT Corporation System, 261 East Ohio Street, Suite 1100, Indianapolis, IN 46204.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO COMPLAINT                                        - 2 -                                        4:10-CV-04949-DMR
SF01/ 720194.2

1    Defendants deny the remaining allegations contained in ¶ 9 as phrased.

2        10.    Defendants admit that DePuy, Inc. is a corporation with its principal place of

3    business at 700 Orthopaedic Drive, Warsaw, Indiana, 46581.  Defendants admit that DePuy, Inc.

4    is a subsidiary of Johnson & Johnson..  Defendants admit that DePuy, Inc.'s registered agent for

5    service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange

6    Street, Wilmington, DE 19801.  Defendants deny the remaining allegations contained in ¶ 10 as

7    phrased.

8        11.    Defendants admit that Johnson & Johnson Services, Inc. is a corporation with its

9    principal place of business in New Brunswick, New Jersey.  Defendants admit that Johnson &

10   Johnson Services, Inc. is a subsidiary of Johnson & Johnson.  Defendants admit that Johnson &

11   Johnson Services, Inc.'s registered agent for service of process is Johnson & Johnson, One

12   Johnson & Johnson Plaza, New Brunswick, NJ 08933.  Defendants deny the remaining

13   allegations contained in ¶ 11 as phrased.

14       12.    Defendants admit that Johnson & Johnson is a corporation with its principal place

15   of business in New Brunswick, New Jersey.  Defendants admit that Johnson & Johnson is a

16   parent company of Johnson & Johnson Services, Inc., DePuy, Inc., and DePuy Orthopaedics, Inc.

17   Defendants admit that Johnson & Johnson's registered agent for service of process is Douglass K.

18   Chin, One Johnson & Johnson Plaza, New Brunswick, NJ 08933.  Defendants deny the remaining

19   allegations contained in ¶ 12 as phrased.

20       13.    Defendants lack knowledge or information sufficient to form a belief as to the

21   truth of the allegations contained in ¶ 13 and therefore deny them.

22       14.    Defendants lack knowledge or information sufficient to form a belief as to the

23   truth of the allegations contained in ¶ 14 and therefore deny them.

24       15.    Defendants lack knowledge or information sufficient to form a belief as to the

25   truth of the allegations contained in ¶ 15 and therefore deny them.

26                        **THE DePUY ASR SYSTEM**

27       16.    Defendants admit that the ASR™ XL System is a metal-on-metal system used as a

28   prosthetic hip implant.  Defendants deny the remaining allegations contained in ¶ 16 as phrased

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO COMPLAINT                          - 3 -                    4:10-CV-04949-DMR
SF01/720194.2

1    and incompletely presented.

2         17.    Defendants admit that there are various methods of hip replacement surgery.

3    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

4    remaining allegations contained in ¶ 17 and therefore deny them.

5         18.    Defendants admit that the description of surgery involving the ASR™ XL System

6    contained in ¶ 18 superficially describes a method of hip replacement surgery.  Defendants deny

7    the remaining allegations contained in ¶ 18 as phrased and incompletely presented.

8         19.    Defendants admit that the ASR™ XL System is a metal-on-metal system used as a

9    prosthetic hip implant.  Defendants deny the remaining allegations contained in ¶ 19 as phrased

10   and incompletely presented.

11        20.    Defendants lack knowledge or information sufficient to form a belief as to the

12   truth of the allegations contained in ¶ 20 and therefore deny them.

13        21.    Defendants deny the allegations contained in ¶ 21 as phrased and incompletely and

14   inaccurately presented.

15        22.    Defendants admit that DePuy is the responsible United States entity for the design,

16   manufacture, labeling, distribution, and sale of the ASR™ XL System, including marketing

17   materials. Defendants further admit that DePuy began to market the ASR™ XL System in the

18   United States in 2005.  Defendants deny the remaining allegations contained in ¶ 22 as

19   interpreted, phrased, and incompletely presented.

20        23.    Defendants admit that DePuy is the responsible United States entity for the design,

21   manufacture, labeling, distribution, and sale of the ASR™ XL System, including marketing

22   materials.  Defendants deny the remaining allegations contained in ¶ 23.

23        24.    Defendants admit that DePuy is the responsible United States entity for the design,

24   manufacture, labeling, distribution, and sale of the ASR™ XL System, including marketing

25   materials.  Defendants deny the allegations contained in ¶ 24, subpart a, as phrased and

26   incompletely presented.  Defendants lack knowledge or information sufficient to form a belief as

27   to the truth of the allegations regarding Dr. Vail and Dr. Schmalzried contained in ¶ 24, subpart b,

28   including sub-subparts, and therefore deny them.  Defendants deny the remaining allegations

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO COMPLAINT
SF01/ 720194.2                          - 4 -                    4:10-CV-04949-DMR

1   contained in ¶ 24, subpart b, as phrased and incompletely presented.  Defendants deny the

2   allegations contained in ¶ 24, subpart c, as phrased and incompletely presented.  Defendants deny

3   the remaining allegations contained in ¶ 24.

4        25.    Defendants deny the allegations contained in ¶ 25.

5        26.    Defendants deny the allegations contained in ¶ 26.

6        27.    Defendants deny the allegations contained in ¶ 27.

7        28.    Defendants deny the allegations contained in ¶ 28.

8        29.    Defendants expressly deny that its ASR™ XL System was faulty or defective in

9   any manner.  Further answering, Defendants lack knowledge or information sufficient to form a

10  belief as to the truth of the allegations regarding the *New York Times* article contained in ¶ 29 and

11  therefore deny them.  Defendants deny the remaining allegations contained in ¶ 29.

12       30.    Defendants deny the allegations contained in ¶ 30.

13       31.    Defendants admit that DePuy issued a voluntary recall of the ASR™ XL System

14  on August 26, 2010.  Defendants deny the remaining allegations contained in ¶ 31 as phrased and

15  inaccurately presented.

16                    **PLAINTIFF'S REPLACEMENT AND REVISION SURGERY**

17       32.    Defendants deny that the ASR™ XL System is defective.  Defendants lack

18  knowledge or information sufficient to form a belief as to the remaining allegations contained in ¶

19  32 and therefore deny them.

20       33.    Defendants deny that the ASR™ XL System is defective.  Defendants lack

21  knowledge or information sufficient to form a belief as to the remaining allegations contained in ¶

22  33 and therefore deny them.

23       34.    Defendants deny that the ASR™ XL System is defective.  Defendants lack

24  knowledge or information sufficient to form a belief as to the remaining allegations contained in ¶

25  34 and therefore deny them.

26                    **FIRST CAUSE OF ACTION**

27       35.    In response to ¶ 35 of Plaintiff's Complaint, Defendants incorporate by reference

28  their responses to ¶¶ 1 through 34, as if fully stated herein.  Defendants deny the remaining

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO COMPLAINT
SF01/ 720194.2

- 5 -

4:10-CV-04949-DMR

1    allegations contained in ¶ 35.

2          36.    Defendants admit that DePuy is the responsible United States entity for the design,

3    manufacture, labeling, distribution, and sale of the ASR™ XL System, including marketing

4    materials.  Defendants deny the remaining allegations contained in ¶ 36 as phrased and

5    inaccurately presented.

6          37.    Defendants deny the allegations contained in ¶ 37.

7          38.    Defendants deny the allegations contained in ¶ 38.

8          39.    Defendants lack knowledge or information sufficient to form a belief as to the

9    truth of the allegations contained in ¶ 39 and therefore deny them.

10         40.    Defendants deny the allegations contained in ¶ 40.

11         41.    Defendants deny the allegations contained in ¶ 41.

12         42.    Defendants deny the allegations contained in ¶ 42.

13         43.    Defendants deny the allegations contained in ¶ 43.

14         44.    Defendants deny the allegations contained in ¶ 44.

15         45.    Defendants deny the allegations contained in ¶ 45.

16                          **SECOND CAUSE OF ACTION**

17         46.    In response to ¶ 46 of Plaintiff's Complaint, Defendants incorporate by reference

18    their responses to ¶¶ 1 through 45, as if fully stated herein.  Defendants deny the remaining

19    allegations contained in ¶ 46.

20         47.    Defendants admit that DePuy is the responsible United States entity for the design,

21    manufacture, labeling, distribution, and sale of the ASR™ XL System, including marketing

22    materials.  Defendants deny the remaining allegations contained in ¶ 47 as phrased and

23    inaccurately presented.

24         48.    Defendants deny the allegations contained in ¶ 48.

25         49.    Defendants deny the allegations contained in ¶ 49.

26         50.    Defendants deny the allegations contained in ¶ 50.

27         51.    Defendants deny the allegations contained in ¶ 50.

28         52.    Defendants deny the allegations contained in ¶ 52.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO COMPLAINT                    - 6 -                    4:10-CV-04949-DMR
SF01/ 720194.2

1    53.      Defendants deny the allegations contained in ¶ 53.

2                    **THIRD CAUSE OF ACTION**

3    54.      In response to ¶ 54 of Plaintiff's Complaint, Defendants incorporate by reference

4    their responses to ¶¶ 1 through 53, as if fully stated herein.  Defendants deny the remaining

5    allegations contained in ¶ 54.

6    55.      Defendants admit that DePuy is the responsible United States entity for the design,

7    manufacture, labeling, distribution, and sale of the ASR™ XL System, including marketing

8    materials.  Defendants deny the remaining allegations contained in ¶ 55 as phrased and

9    inaccurately presented.

10    56.      Defendants deny the allegations contained in ¶ 56.

11    57.      Defendants deny the allegations contained in ¶ 57.

12    58.      Defendants deny the allegations contained in ¶ 58.

13    59.      Defendants deny the allegations contained in ¶ 59.

14    60.      Defendants deny the allegations contained in ¶ 60.

15                   **FOURTH CAUSE OF ACTION**

16    61.      In response to ¶ 61 of Plaintiff's Complaint, Defendants incorporate by reference

17    their responses to ¶¶ 1 through 60, as if fully stated herein.  Defendants deny the remaining

18    allegations contained in ¶ 61.

19    62.      Defendants admit that DePuy is the responsible United States entity for the design,

20    manufacture, labeling, distribution, and sale of the ASR™ XL System, including marketing

21    materials.  Defendants deny the remaining allegations contained in ¶ 62 as phrased and

22    inaccurately presented.

23    63.      Defendants deny the allegations contained in ¶ 63.

24    64.      Defendants deny the allegations contained in ¶ 64.

25    65.      Defendants deny the allegations contained in ¶ 65.

26    66.      Defendants deny the allegations contained in ¶ 66.

27    67.      Defendants deny the allegations contained in ¶ 67.

28    68.      Defendants deny the allegations contained in ¶ 68.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO COMPLAINT
SF01/ 720194.2                    - 7 -                    4:10-CV-04949-DMR

1

## FIFTH CAUSE OF ACTION

2      69.      In response to ¶ 69 of Plaintiff's Complaint, Defendants incorporate by reference

3    their responses to ¶¶ 1 through 68, as if fully stated herein.  Defendants deny the remaining

4    allegations contained in ¶ 69.

5      70.      Defendants admit that DePuy is the responsible United States entity for the design,

6    manufacture, labeling, distribution, and sale of the ASR™ XL System for use by surgeons,

7    including marketing materials.  Defendants deny the remaining allegations contained in ¶ 70 as

8    phrased and inaccurately presented.

9      71.      Defendants deny the allegations contained in ¶ 71.

10     72.      Defendants deny the allegations contained in ¶ 72.

11     73.      Defendants deny the allegations contained in ¶ 73.

12     74.      Defendants deny the allegations contained in ¶ 74.

13     75.      Defendants deny the allegations contained in ¶ 75.

14     76.      Defendants deny the allegations contained in ¶ 76.

15                          ## AFFIRMATIVE DEFENSES

16                       ### FIRST AFFIRMATIVE DEFENSE

17                            (Assumption of Risk)

18     77.      Plaintiff knowingly and voluntarily assumed any and all risks associated with the

19   use of the product at issue in this case and such assumption of the risks bars in whole or in part

20   the damages Plaintiff seeks to recover herein.

21                      ### SECOND AFFIRMATIVE DEFENSE

22                            (Comparative Fault)

23     78.      At all times mentioned herein Plaintiff was negligent, careless and at fault and

24   conducted herself so as to contribute substantially to her alleged injuries and damages.  Said

25   negligence, carelessness, and fault of Plaintiff bars in whole or in part the damages which

26   Plaintiff seeks to recover herein.

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO COMPLAINT
SF01/ 720194.2                          - 8 -                          4:10-CV-04949-DMR

1

**THIRD AFFIRMATIVE DEFENSE**

2

(Intervening, Superseding Cause)

3

79.     Plaintiff's alleged injuries attributable to the use of the product at issue in this case,

4

if any, were not legally caused by the product at issue, but instead were legally caused by

5

intervening and superseding causes or circumstances.

6

**FOURTH AFFIRMATIVE DEFENSE**

7

(Unforeseeable Cause)

8

80.     Plaintiff's alleged injuries and damages, which Defendants now deny, were due to

9

an allergic, idiosyncratic, or idiopathic reaction to the product at issue in this case or by an

10

unforeseeable illness, unavoidable accident, or preexisting condition, without any negligence or

11

culpable conduct by Defendants.

12

**FIFTH AFFIRMATIVE DEFENSE**

13

(Failure to Mitigate Damages)

14

81.     Plaintiff's alleged damages, if any, are barred in whole or in part by Plaintiff's

15

failure to mitigate such damages.

16

**SIXTH AFFIRMATIVE DEFENSE**

17

(Statute of Limitations)

18

82.     Plaintiff's causes of action are barred by the applicable statutes of limitations,

19

including, but not limited to, California Code of Civil Procedure § 335.1 and § 338(a), and

20

California Uniform Commercial Code § 2725.

21

**SEVENTH AFFIRMATIVE DEFENSE**

22

(No Strict Liability for Medical Device Products)

23

83.     The strict liability cause of action of Plaintiff's Complaint is subject to the

24

limitations placed upon the doctrine of strict product liability for a purported design defect as set

25

forth in, *e.g.*, *Artiglio v. Superior Court*, 22 Cal.App.4th 1388 (1994).

26

**EIGHTH AFFIRMATIVE DEFENSE**

27

(Proposition 51)

28

84.     The liability of Defendants, if any, for Plaintiff's non-economic loss must be

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO COMPLAINT
SF01/ 720194.2

- 9 -

4:10-CV-04949-DMR

1   apportioned in accordance with the provisions of California Civil Code § 1431.2.

2                          **NINTH AFFIRMATIVE DEFENSE**

3                                  (State-of-the-Art)

4           85.    At the time of sale or delivery, the product conformed to state-of-the-art for such

5   product at that time.

6                          **TENTH AFFIRMATIVE DEFENSE**

7                               (Learned Intermediary)

8           86.    Plaintiff's causes of action are barred by the learned intermediary doctrine.

9                          **ELEVENTH AFFIRMATIVE DEFENSE**

10                         (Informed Consent, Release, and Waiver)

11          87.    Plaintiff's claims are barred by the doctrines of informed consent, release, and

12  waiver.

13                         **TWELFTH AFFIRMATIVE DEFENSE**

14                           (Repose, Laches, and Estoppel)

15          88.    Plaintiff's claims are barred by the statute of repose and/or by the equitable

16  doctrines of laches and estoppel.

17                         **THIRTEENTH AFFIRMATIVE DEFENSE**

18                                  (Nonjoinder)

19          89.    Plaintiff has failed to join all indispensable parties; as a result of such failure to

20  join, complete relief cannot be accorded to those already parties to the action and will result in

21  prejudice to Defendants, in any possible future litigation.

22                         **FOURTEENTH AFFIRMATIVE DEFENSE**

23                                  (Misjoinder)

24          90.    Plaintiff's claims are barred, in whole or in part, because some or all of the parties

25  have been improperly joined in this action.

26                         **FIFTEENTH AFFIRMATIVE DEFENSE**

27                               (Lack of Standing)

28          91.    Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO COMPLAINT                    - 10 -                      4:10-CV-04949-DMR
SF01/ 720194.2

1  bring such claims.

2  ### SIXTEENTH AFFIRMATIVE DEFENSE

3  (Improper Venue)

4  92.    Defendants hereby raise, assert, and preserve their defense of improper venue.

5  ### SEVENTEENTH AFFIRMATIVE DEFENSE

6  (Inconvenient Forum)

7  93.    Plaintiff's claims are barred in whole or part because they have been filed in an

8  inconvenient forum or *forum non conveniens*.

9  ### EIGHTEENTH AFFIRMATIVE DEFENSE

10  (Setoff)

11  94.    Defendants are entitled to a set-off for all amounts paid, payable by or available

12  from collateral sources.

13  ### NINETEENTH AFFIRMATIVE DEFENSE

14  (Not "Basis of Bargain")

15  95.    In the event that Plaintiff's alleged reliance was placed upon Defendants'

16  nonconformance to an express or implied representation, this action is barred since there was no

17  reliance by Plaintiff upon representations, if any, of Defendants in deciding to use the product at

18  issue.

19  ### TWENTIETH AFFIRMATIVE DEFENSE

20  (No Fraud on the FDA)

21  96.    To the extent plaintiff's claims are based on alleged misrepresentations or

22  omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiff's Legal*

23  *Comm.*, 531 U.S. 341 (2001).

24  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

25  (Unavoidably Unsafe)

26  97.    If Defendants' products are unsafe in any way, they are unavoidably unsafe.

27  Plaintiff's purported action is, therefore, barred by Comment K of § 402A of the Restatement

28  (Second) of Torts and/or other applicable law.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO COMPLAINT
SF01/ 720194.2                               - 11 -                            4:10-CV-04949-DMR

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

(Lack of Personal Jurisdiction)

3      98.     This Court lacks personal jurisdiction over defendant Johnson & Johnson and

4   accordingly this defendant should be dismissed.

5

## TWENTY-THIRD AFFIRMATIVE DEFENSE

6

(Other Defenses)

7      99.     Defendants are entitled to, and claim the benefit of, all defenses and presumptions

8   set forth in or arising from any rule of law or statute in this state and any other state whose law is

9   deemed to apply in this case.  Defendants reserve the right to assert any additional defenses which

10   may be disclosed during the course of additional investigation and discovery.

11

## JURY DEMAND

12      Defendants request a trial by jury on all issues so triable.

13      WHEREFORE, Defendants deny that they are liable to Plaintiff and demand judgment in

14   its favor against Plaintiff, dismissing the Complaint with prejudice, and awarding them costs and

15   such other and further relief as is just and proper.

16   Dated: November 24, 2010                    DRINKER BIDDLE & REATH LLP

17

18                                              By:/s/ Michelle A. Childers
                                                   Thomas W. Pulliam, Jr.
19                                                 Michelle A. Childers
                                                   Nathan D. Cardozo
20
                                                Attorneys for Defendants
21                                              DEPUY ORTHOPAEDICS, INC., DEPUY,
                                                INC., JOHNSON & JOHNSON SERVICES,
22                                              INC., and JOHNSON & JOHNSON
                                                (erroneously sued as JOHNSON &
23                                              JOHNSON, INC.)

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO COMPLAINT                  - 12 -                    4:10-CV-04949-DMR
SF01/ 720194.2